**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

|  |  |
|---|---|
| In re:<br><br>VWS Holdco, Inc., *et al.*,<br><br>                     Debtors.[1] | Case No. 25-33037 (KLP)<br>(Jointly Administered)<br><br>Chapter 7 |

**ORDER AUTHORIZING CHAPTER 7 TRUSTEE TO CONDUCT**
**BANKRUPTCY RULE 2004 EXAMINATIONS OF PERSONS AND ENTITIES**

Upon the *Motion of Chapter 7 Trustee for an Order Authorizing Her to Conduct Bankruptcy Rule 2004 Examinations of Persons and Entities* (the "**Motion**")[2] of Lynn L. Tavenner, not individually but solely in her capacity as the Chapter 7 trustee (in such capacity, the "**Chapter 7 Trustee**" and/or the "**Trustee**") of the bankruptcy estates (each, an "**Estate**," and collectively, the "**Estates**") of VWS Holdco, Inc. ("**VWS Holdco**") and Shoosmith Bros., Inc. ("**SBI**," and together with VWS Holdco, the "**Debtors**"), for an order pursuant to Bankruptcy Rule 2004 and Section 105(a) of the Bankruptcy Code authorizing and directing discovery of persons and certain third parties defined in the Motion as the "**Rule 2004 Parties**," each as set forth in **Schedule 1** to this Order; the Court finds that: (a) it has jurisdiction to consider the Motion and the relief represented therein pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (c) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (d) the relief requested in the Motion is in the best interests of the Debtors, their Estates, and creditors; (e) proper and adequate notice of the Motion and the hearing thereon has been given

---

[1] The principal address of the Debtors as of the Petition Date was 11520 Ironbridge Road, Chester, VA 23831, and the last four digits of VWS Holdco, Inc's federal tax identification number are 5412 and the last four digits of Shoosmith Bros., Inc's federal tax identification number are 6914.

[2] Capitalized terms used but not otherwise defined herein shall have the same meanings as ascribed to them in the Motion.

and no other or further notice is necessary; and (f) upon the record herein, and after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      The Trustee is authorized to issue discovery to and conduct a Bankruptcy Rule 2004 examination of the Rule 2004 Parties, each as set forth in **Schedule 1** hereto, to the fullest extent permitted by Bankruptcy Rules 2004 and 9016 concerning causes of actions and claims that may exist in favor of the Debtors' Estates, including without limitation, the Avoidance Actions.  The Trustee is authorized to serve any requests for production that are substantially similar to those requests and topics on the omnibus list attached as **Schedule 2** hereto (which may be modified and/or tailored by the Trustee as appropriate for any such Rule 2004 Party).  Entry of this Order does not prejudice or prohibit a Rule 2004 Parties' right to object to any document request that is served upon it, nor any parties' rights to confer and agree upon modified requests.

3.      The Trustee is authorized and empowered to take all actions necessary to implement the relief granted in this Order, including without limitation, issuing and serving subpoenas for the production of documents and for examination of witnesses.

4.      This Order is without prejudice to the rights of the Trustee to apply to the Court for further discovery of the Rule 2004 Parties or any other person or entity.

5.      The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

6.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

2

7.      The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: Jul 7 2026
      Richmond, Virginia

/s/ Keith L Phillips

THE HONORABLE KEITH L. PHILLIPS
UNITED STATES BANKRUPTCY JUDGE

Entered On Docket: Jul 7 2026

3

WE ASK FOR THIS:

**GREENBERG TRAURIG, LLP**

By: */s/ThomasJ.McKee,Jr.*
Thomas John McKee, Jr. (VSB#68427)
David G. Barger (VSB#21652)
1750 Tyson Boulevard, Suite 1000
McLean, Virginia 22102
Telephone: (703) 749-1300
Facsimile: (703) 749-1301
Emails: McKeeT@gtlaw.com
        BargerD@gtlaw.com

– and –

Shari L. Heyen (*pro hac vice* forthcoming)
1000 Louisiana Street, Suite 6700
Houston, Texas 77002
Telephone: (713) 374-3500
Facsimile: (713) 374-3505
Email: Shari.Heyen@gtlaw.com

*Special Counsel to the Chapter 7 Trustee*

### CERTIFICATION OF ENDORSEMENT
### UNDER LOCAL BANKRUPTCY RULE 9022-1(C)

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

By: */s/ThomasJ.McKee,Jr.*
Thomas J. McKee, Jr.

4

## SCHEDULE 1

**Rule 2004 Parties**
**(to include all affiliates, officers, directors, managers, employees, and/or agents of the below persons/entities)**

| Last Name / Company Name | First Name |
|---|---|
| Agran | Steve |
| AT&T/ AT&T Wireless | |
| Boguslaski | Charles |
| Carl Marks Advisory Group | |
| Charles Schwab | |
| Ciera Bank | |
| Collins | John |
| Cole Real Estate, Inc. | |
| Cole Schotz P.C. | |
| Comerica Bank | |
| Computershare Trust Company, N.A. | |
| DiScala | Nicholas |
| Durham | Kent |
| Erie Insurance Exchange /  Erie Insurance Company | |
| ESM Management Group, LLC | |
| Fidelity National Title Insurance Company | |
| First United Bank | |
| Florida Community Bank | |
| Florida Rock Industries, Inc. | |
| Foster | James Kelly |
| Gotshall | Kay |
| Hanohano | Kanai |
| Hills | Mark |
| Hochberger (McGee) | Marilyn |
| Janik Forensics PC | |
| John Hancock | |
| Jones | Theresa |
| Keiter CPAs | |
| Kelly (in her capacity as Independent Executrix of the Estate of James Fletcher Kelly) | Sam M. |
| Lucas, Inc. | |
| Morgan Stanley | |
| Muthiah | Sigapi |
| McGee | Larry |
| McGee | Paul Laurence |
| Nichols | Claire |
| Nichols | Fred G. |

| Last Name / Company Name | First Name |
|---|---|
| Orcutt (in her individual capacity and as successor in interest of Eugene Orcutt) | Marilyn |
| Pashman Stein Walder Hayden P.C. | |
| PNC Mezzanine Capital | |
| PNC Mezzanine Partners III, L.P. | |
| Polkowitz | Gary |
| Raymond James | |
| Silverwood | James |
| Synovus Bank | |
| Teneo Capital LLC | |
| Teneo Securities, LLC | |
| Troutman Pepper Locke LLP | |
| VE Holdco, LLC | |
| Virginia Waste Services, Inc. | |
| Volunteer Enterprises, LLC | |
| Volunteer Enterprises II, LLC | |
| Volunteer Enterprises III, LLC | |
| Volunteer Enterprises IV, LLC | |
| Vulcan Materials Company | |
| VWS Acquisitions, LLC | |
| Wells Fargo | |
| Wieser Taylor Law | |
| Weinhoff | Spencer |
| Woodard | Len |

2

## SCHEDULE 2

**Rule 2004 Notice**

Thomas John McKee, Jr. (VSB#68427)
David G. Barger (VSB#21652)
**GREENBERG TRAURIG, LLP**
1750 Tyson Boulevard, Suite 1000
McLean, Virginia 22102
Telephone: (703) 749-1300
Facsimile: (703) 749-1301
Emails: McKeeT@gtlaw.com
          BargerD@gtlaw.com

*Special Counsel to the Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| In re: | |
| VWS Holdco, Inc., *et al.*, | Case No. 25-33037 (KLP) (Jointly Administered) |
| Debtors.[1] | Chapter 7 |

**CHAPTER 7 TRUSTEE'S NOTICE OF BANKRUPTCY RULE 2004**
**EXAMINATION AND REQUEST FOR PRODUCTION OF DOCUMENTS**

To:      _____
         _____
         _____

**PLEASE TAKE NOTICE THAT** pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure and Rule 2004-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Eastern District of Virginia, Lynn L. Tavenner, not individually but solely in her capacity as the Chapter 7 trustee of the bankruptcy estates of VWS Holdco, Inc. and Shoosmith Bros., Inc. in the above-captioned Chapter 7 Cases, hereby serves the following requests for production on _____.

---

[1] The principal address of the Debtors as of the Petition Date was 11520 Ironbridge Road, Chester, VA 23831, and the last four digits of VWS Holdco, Inc's federal tax identification number are 5412 and the last four digits of Shoosmiths Bros., Inc's federal tax identification number are 6914.

**PLEASE TAKE FURTHER NOTICE THAT** _____ must

produce all documents described on the subpoena attached hereto as **Exhibit 1** by no later than

**5:00 p.m. (prevailing Eastern Time) on** _____, **2026**, or such other time

mutually agreeable to the parties.  Such production shall be made at the offices of Greenberg

Traurig, LLP at 1750 Tyson Boulevard, Suite 1000, McLean, Virginia 22102, or such other place

mutually agreeable to the parties.

Dated: _____, 2026

Respectfully submitted,

**GREENBERG TRAURIG, LLP**

By: /s/ _____
Thomas John McKee, Jr. (VSB#68427)
David G. Barger (VSB#21652)
1750 Tyson Boulevard, Suite 1000
McLean, Virginia 22102
Telephone: (703) 749-1300
Facsimile: (703) 749-1301
Emails: McKeeT@gtlaw.com
         BargerD@gtlaw.com

– and –

Shari L. Heyen (admitted *pro hac vice*)
1000 Louisiana Street, Suite 6700
Houston, Texas 77002
Telephone: (713) 374-3500
Facsimile: (713) 374-3505
Email: Shari.Heyen@gtlaw.com

*Special Counsel to the Chapter 7 Trustee*

3

## EXHIBIT 1

### (Document Requests)

### Definitions

1.      "Any" refers to any and all Documents, Persons, or entities inclusively, not the option of responding as to some but not others.  It further includes the word "all," and "all" includes the word "any."

2.      "Communication" means any oral statement, dialogue, colloquy, discussion, or conversations, and also means any transfer of thoughts or ideas between persons by means of documents and includes any transmittal of information in the form of oral or written facts, ideas, inquiries, or data transfer from one location to another by electronic or similar means, including without limitation, writings, telephonic conversations, and oral conversations.  Any request that seeks "communications" includes all text messages or communications sent by or through any mobile device, whether through software (*e.g.*, WhatsApp, Apple Messages, etc.) or through phone services.

3.      "Concerning" means consisting of, showing, referring to, relating to, reflecting, or being in any way logically or factually connected with the matter discussed.

4.      "Debtor" means VWS Holdco, Inc. and Shoosmith Bros., Inc., including their predecessors or successors, assigns, prior or current parents, partners, subsidiaries, affiliates or controlled companies, and each of their prior or current officers, directors, employees, agents, representatives, and external professionals (*e.g.*, attorneys, accountants, investment bankers, etc.).

5.      "Document" means documents and other tangible things as defined in the broadest sense permissible under the applicable rules and shall include, without limitation, all written (whether handwritten, typewritten, computer printed or otherwise generated), recorded, graphic or visual matter of material of any kind in original format or, if an original is not available, any copies, as well as any non-identical copies (regardless of origin and whether or not including additional writing thereon or attached thereto) and whether or not still in existence and drafts of any: books, papers, photographs, video tapes, movie films, tapes or other photographic recordings, microfilm, microfiche, computer printouts, audio or video tape recordings, magnetic tapes, punch cards, records, reports, letters or any correspondence, electronic mail ("e-mail") or similar electronic communications, telegrams, telexes, memoranda, notes, field notes, marginal notations, complaints, contracts, studies, affidavits, agendas, minutes, resolutions, diaries, appointment books, calendars, desk calendars, analysis, work papers, statistical reports, circulars, charts, transcripts, bills, invoices, receipts, worksheets, checks, logs, ledgers, payrolls, tax records, audits, reviews, sketches, graphs or graphics, pamphlets, brochures, manuals, financial reports, financial summaries, summary statements, lists, agreements, purchase orders, expense records, purchase and sale statements or their equivalent, depositions, interview transcripts or their equivalent, press releases in publications, discs, data cells, drums, printouts, data compilations, maps, lawsuits including all pleadings or memoranda submitted to or for submission to any court, administrative agency, association, or governmental tribunal, whether in or outside the United States, text messages, phone logs, phone bills, internet social networking posts or entries, internet web posts

or entries of any kind, any and all other types of tangible things in whatever form upon or in which information is or may be recorded, whether mechanical, electronic or handwritten, including any physical file or its equivalent in which any such document or tangible thing has been or is stored or maintained. Whenever in this discovery there is a request to identify a document, please state as to each document its title, data, author, recipient, or addressee and last known custodian of the document.

6. "ESI" means electronically stored information.

7. "Identify" shall mean:

(a) with respect to Persons, to the extent known, the Person's full name, present or last known address, and when referring to a natural Person, additionally, the present or last known place of employment.

(b) with respect to Documents, to the extent known, the (i) type of Document; (ii) general subject matter; (iii) date of the Document; and (iv) author(s), addressee(s), and recipient(s).

8. "Individual Insiders" means the individuals Mr. Fred Nichols and Mr. Larry McGee, the current and/or former officers and directors of SBI. Individual Insiders refers to Mr. Nichols and Mr. McGee both individually and collectively.

9. "Information" means data of any kind recorded in any language, including machine language and recorded numerically, and in any form of expression.

10. "Insider" means "insider" as defined by 11 U.S.C. § 101(31).

11. "Information" means data of any kind recorded in any language, including machine language and recorded numerically, and in any form of expression.

12. "Landfill" means the Shoosmith Landfill, located in Chesterfield County, Virginia, that was operated and maintained by the Debtors.

13. "Person" means any natural person, public or private corporation, partnership, joint venture, association, group, government, or governmental entity (including any governmental agency or political subdivision of any government), and any other form of business or legal organizational arrangement.

14. "Petition Date" means June 1, 2025.

15. "SBI" means the Debtor Shoosmith Bros., Inc., including its predecessors or successors, assigns, prior or current parents, partners, subsidiaries, affiliates or controlled companies, and each of their prior or current officers, directors, employees, agents, representatives, and external professionals (*e.g.*, attorneys, accountants, investment bankers, etc.).

16. "Volunteer" means Volunteer Enterprises, LLC, including its predecessors or successors, assigns, prior or current parents, partners, subsidiaries, affiliates or controlled

2

companies, and each of their prior or current officers, directors, employees, agents, representatives, and external professionals (*e.g.*, attorneys, accountants, investment bankers, etc.).

17.     "You" or "Your" refers to the recipient of these Document requests and includes all successors and predecessors in interest and any agent, representative, affiliate, and any other person and entity acting on behalf of You or Your successors and predecessors in interest.

### Instructions

1.     In responding to these Document requests, furnish all Information which is available to You, including Information in the possession of Your agents, representatives, employees, investigators, external professionals (*e.g.*, attorneys, accountants, investment bankers, etc.), or anyone acting on their behalf or on Your behalf, and not merely such Information known of Your own knowledge. If You are unable to locate any requested Document or Communication after exercising due diligence to secure the requested Document or Communication, so state.

2.     These Document requests are continuing so as to require supplementary Documents and Communications if additional Information or Documents hereafter are obtained or discovered which may augment or otherwise modify the Information that You provided and Documents or Communications that You produced. Supplementary Documents or Communications are to be served within ten (10) days after receipt or discovery of such Information, Documents, or Communications.

3.     If any Document or Communication is not produced under a claim of privilege, for each such Document or Communication Identify the nature of the privilege (including work product) that is being claimed, indicate the Document request to which the Document or Communication is responsive, and provide the following Information, unless divulgence of such Information would cause disclosure of the allegedly privileged Information: (1) the type of Document or Communication; (2) the general subject matter of the Document or Communication; (3) the date of the Document or Communication; and (4) such other Information as is sufficient to Identify the Document or Communication for a subpoena *duces tecum*, including, where appropriate, the author of the Document or Communication, the addressee of the Document or Communication, and, where not apparent, the relationship of the author and the addressee to each other.

4.     In the event that any Document or Communication called for has been destroyed, discarded, or otherwise disposed of, Identify the Document or Communication by stating its: (a) author or preparer; (b) addressee(s); (c) indicated or blind copies; (d) date; (e) subject matter; (f) number of pages; (g) attachments or appendices; (h) all Persons to whom it was distributed or shown; (i) date of destruction or other disposition; (j) manner of destruction or other disposition; (k) reason for destruction or other disposition; (l) Person destroying or disposing of the Document or Communication; and (m) the Document request or requests to which the Document or Communication is responsive.

5.     All Documents and Communications are to be produced as they are kept in the usual course of business with any identifying labels, file markings, or similar identifying features or shall be organized and labeled to correspond to the appropriate request herein.

6.      All Documents and Communications must be produced in a way that preserves metadata.

7.      The Chapter 7 Trustee specifically requests production of electronic or magnetic data and ESI.  All Documents, Communications, and image files shall be produced in their native formats, such as Microsoft Word, Word Perfect, Microsoft Excel, PowerPoint, TIFF, GIF, JPEG, or PDF.  With respect to all other electronic or magnetic data and ESI, produce in ASCII format and for any file-based data, produce in an ASCII delimited text format, identifying the delimiters. The child/children will immediately follow the parent record.

8.      All hard copy Documents and Communications must be produced in converted/processed to TIFF files, Bates numbered, and includes OCR text.

9.      Documents attached to each other should not be separated in the production.

10.     Provide all passwords for documents, files, or compressed archives provided in the production under a separate cover.

11.     If there are no Documents or Communications responsive to a category in these Document requests, so state in writing.

12.     Objecting to a portion of a request for production does not relieve You of the duty to respond to those parts of the request for production to which You do not object.

13.     If You find any Document request or term used in a Document request to be vague, ambiguous, subject to varying interpretations, or unclear, state what portion of the Document request or term You find to be vague, ambiguous, subject to varying interpretations, or unclear and state the construction employed by You responding to the Document request.

14.     The singular form of a word includes the plural form of that word, and the plural form of a word includes the singular form of that word.

15.     The words "and" and "or" shall be construed either conjunctively or disjunctively, whichever would make each request inclusive rather than exclusive.

16.     Terms defined herein are used with and without caps and they both shall be interpreted to mean the same.

## Documents Requested

### Corporate Governance

1.      All Documents and Communications Concerning the formation and operation of [XXXX], including without limitation, articles of organization, certificates of good standing, certificates of formation, operating agreements, or other formation documents.

2.      Documents sufficient to show any member of any board of managers and any officers, members, directors, and/or shareholder of [XXXX], including dates of service.

4

3.      All agendas, resolutions, minutes of the meetings, and consents in lieu of a meeting of any board of managers of any [XXXX], any subcommittee thereof, and any related meeting materials and presentations.

4.      All policies, procedures, by-laws, or other governing documents Concerning [XXXX].

5.      Copies of all insurance policies covering the conduct, decision, or action of [XXXX] as such conduct, decision, or action relates to, arises out of, or in connection with the board of managers, including supporting information (*e.g.*, names of covered individuals, coverage limits, coverage previously used, terms of policies, and premium costs).

6.      All insurance policies, and all Documents relating thereto, of [XXXX] providing coverage for the [XXXX], assets, property, employees, members, officers, directors, or managers, including without limitation, any general liability, professional liability, cybersecurity, and directors and officers liability.

7.      All Documents and Communications Concerning the capital and/or organizational structure of the [XXXX].

8.      All corporate minute books and any other corporate records, including without limitation, shareholder agreements, Concerning [XXXX].

9.      All Documents and Communications Concerning stock option, retirement accounts/benefit programs/plans, or other vehicles, including underlying records, offered to or otherwise held on behalf of employees and/or insiders of [XXXX] within 6 years of the Petition Date.

10.      All contracts and agreements Concerning the Debtors (including the Debtor's officers, directors, shareholders, and/or employees).

11.      All contracts and agreements Concerning [XXXX].

**Financial Information**

12.      All Documents and Communications Related in any way to amounts paid or owed by [XXXX].

13.      All unaudited and audited financial statements of [XXXX].

14.      All statements (including bank statements) for any and all financial accounts in which [XXXX] has had an interest at any time, including all Documents and Communications related thereto.

5

15.     All general ledgers, trial balances, and any subledgers of [XXXX]—including but not limited to any subledger for accounts receivable, accounts payable, fixed assets, and accrued expenses— reflecting or showing entity name, transaction date, posting date, user ID, reference or description of the transaction.

16.     All consolidating and consolidated monthly income statements, balance sheets, and cash flows of [XXXX] for fiscal years 2020 to the present.

17.     Any budgets Concerning [XXXX] from January 1, 2020 to the present.

18.     Documents identifying all assets that [XXXX] owns and/or has an interest in.

19.     All Documents indicating any exchange of funds, proceeds, monies, and/or other assets, with the [XXXX].

20.     All disbursement files for any vendors for [XXXX], including but not limited to showing invoice/PO, general ledger account, property/project, approver, payment method, and reference number.

21.     All bank and/or financial statements for each account of [XXXX].

22.     All credit card statements for each account of [XXXX].

23.     All check register by account for each account of [XXXX].

24.     All monthly investment statements, including brokerage accounts and crypto accounts.

25.     All Documents and Communications Concerning the state and federal tax returns for [XXXX], including such returns themselves.

26.     All Documents and Communications Concerning any financing statement, liens, and/or deeds of trust held or purportedly held by [XXXX] and Concerning [XXXX].

27.     All Documents and Communications Concerning any Insider's, including without limitation, the Individual Insiders', obligation to fund the operational amounts proposed in the *Debtors' Motion for Entry of Interim and Final Orders Pursuant to Sections 105, 361, 362, 363, 364, 503, 506, 507 and 552 of the Bankruptcy Code and Rules 2002, 4001, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing the Debtors to (A) Use Cash Collateral, (B) Obtain Senior Secured Superpriority Postpetition Financing and Granting Liens and Superpriority Administrative Claims, and (C) Provide Adequate Protection, (II) Modifying the Automatic Stay,(III) Scheduling a Final Hearing, and (IV) Granting Related Relief* [Docket No. 15].

28.     All Documents and Communications Concerning any monies or other payment received by You from [XXXX] within six (6) years prior to the Petition Date.

29.     All Documents and Communications Concerning bonds, bond accounts/accounting, financial assurance and/or guaranties, as they relate to [XXXX], including without limitation, establishment, transactions, and encumberances.

30.     Documents and Communications Concerning financial obligations (including without limitation, all loan documents) of [XXXX].

31.     All Documents and Communications Relating in any way to [XXXX]'s compliance or failure to comply with any bank, loan, or bond covenants, agreements, contracts, or arrangements, or any other contractual obligations Concerning [XXXX].

32.     All Documents and Communications Concerning the actual or threatened reorganization and/or potential bankruptcy filing of the Debtors.

33.     All Documents and Communications Concerning the Debtors' administration and any liquidation of the Debtors' retirement plan and/or contributions to such plan, or similar type of plan.

34.     All Documents and Communications Concerning any and all efforts to obtain financing and/or loans for [XXXX].

35.     All payments and/or distributions made by [XXXX].

**Landfill**

36.     All Documents and Communications Concerning the Landfill.

37.     All Documents and Communications Concerning the operation of the Landfill.

38.     All Documents and Communications Concerning a potential water treatment facility at the Landfill.

39.     All Documents and Communications Concerning the environmental issues, challenges, or obligations at the Landfill.

40.     All Documents and Communications Concerning the closure of the Landfill.

41.     All Documents and Communications Concerning the value of the Landfill.

42.     All Documents and Communications Concerning the Insiders', including without limitation, the Individual Insiders', financial responsibility for the Landfill pursuant to any applicable law or regulation, including without limitation, section 10.1-1410 of the Virginia Waste Management Act.

7

**Sale and Purchase Transactions**

42.    All Documents and Communications Concerning any proposed or consummated sale of the assets of [XXXX], including without limitation, any sale timelines, any marketing materials (such as confidential information memorandum or teaser), lists of potential buyers to be contacted, any diligence materials to be provided to buyers, any materials prepared by or provided to any investment banker or broker with respect to such proposed sale, any valuations of the assets, any letters of intent, indications of interest, or purchase agreements.

43.    All Documents and Communications from any data rooms created Concerning any proposed or consummated sale of [XXXX] assets.

44.    All Documents and Communications Concerning any financial due diligence or other analyses Concerning [XXXX].

45.    All Documents and Communications Concerning any proposed reorganization of the [XXXX].

46.    All Documents and Communications Concerning valuations of [XXXX] assets or enterprise value.

47.    All Documents and Communications Concerning any offer or indication of interest to purchase the [XXXX] assets and business, or any portion of the [XXXX] assets, business, equity, membership interests, or subsidiaries or to enter into an affiliation agreement or purchase any portion of [XXXX] assets, business equity, membership interests, or subsidiaries.

48.    All Documents and Communications Concerning any prepetition marketing efforts or any sale and restructuring options.

49.    All Documents and Communications Concerning any sale or bid procedures, including any drafts thereof, presented to, considered, or approved by [XXXX] management, members, or board of managers, or any committee thereof, including without limitation, any presentations, memoranda, term sheets, or other materials.

50.    All presentations or reports given to [XXXX] lenders or potential lenders, including such representations or reports Concerning any restructuring.

51.    All Documents and Communications concerning the use (or misuse) of sale proceeds.

52.    All Documents and Communications Concerning any sale and/or purchase transaction with [XXXX].

53.    All Documents and Communications Concerning the negotiation, acquisition, and assignment of any debt or obligation held by [XXXX].

8

54.     All Documents and Communications Concerning any analysis or evaluation Concerning the sale, purchase, or acquisition of [XXXX].

55.     All Documents and Communications Concerning the source of funds used to consummate a transaction.

**Litigation and Demands**

56.     All Documents and Communications Concerning all demands, claims, litigation, made against [XXXX], or asserted by [XXXX]

57.     All pleadings, discovery responses, documents produced in discovery, expert reports, transcripts, exhibits, correspondence, agreements, and related files and/or materials Concerning any litigation and/or disputes with [XXXX].

58.     All Documents and Communications received by You in response to any subpoena, freedom of information act request, or similar method of obtaining Documents and Communications, Concerning [XXXX].

59.     Your complete file Concerning any litigation and/or disputes with [XXXX].

**Other Documents and Communications**

60.     All Documents and Communications Concerning mismanagement of [XXXX].

61.     All Documents and Communications Concerning misappropriation of any funds.

62.     All Documents and Communications obtained by You pursuant to any Bankruptcy Rule 2004 examination in this bankruptcy proceeding.

63.     All Communications between You and [XXXX].

64.     All Communications and Documents sent and/or received from [XXXX], Relating in any way to [XXXX].

65.     All Documents and Communications Concerning any transaction You engaged in with [XXXX].

66.     Your complete file Concerning any work or services you performed for, or on behalf of, [XXXX].

67.     All Documents and Communications Concerning [XXXX].

68.     All Documents and Communications Concerning the Debtors' bankruptcy.

9